Robert C. Huntley (ISB No. 894)
The Huntley Law Firm PLLC
815 W. Washington Street
P.O. Box 2188
Boise, Idaho 83701
Telephone: (208) 388-1230
Fax: (208) 388-0234
rhuntley@huntleylaw.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NIKOLE J. HANSEN,<br><br>           Plaintiff,<br>v.<br><br>JEROME JOINT SCHOOL DISTRICT #261,<br><br>           Defendant. | Case No.<br><br>**Complaint and Demand for Trial by Jury** |

Plaintiff as her claim alleges:

### **PARTIES**

1.     That at all relevant times relevant to this Complaint, Hansen was a resident of the District of Idaho.

2.     That at all relevant times relevant to this Complaint, Defendant Jerome School District #251 was and is a political subdivision of the state of Idaho, with its administrative offices principally located in the City of Jerome, Jerome County, Idaho.

### **JURISDICTION AND VENUE**

3.     This Court has jurisdiction under the Americans with Disabilities Act, Title 42, Chapter 126, Section 12101 et seq., and concurrent jurisdiction over the Idaho Disabilities Act,

**COMPLAINT AND DEMAND FOR TRIAL BY JURY - 1**

Tile 67 Chapter 59, Idaho Code as amended.

4. Venue lies in the District of Idaho based upon the residence of the Plaintiff and the place of business of the Defendant.

## FACTUAL ALLEGATIONS AND ENTITLEMENT TO RELIEF

5. Ms. Hansen was employed as a teacher at Jerome High School during the school year 2008-09, under which employment she was a Physical Education Instructor both in the field and in the classroom. On Tuesday, September 9, 2008 during a 7th grade volleyball practice, she was struck in the right temple and ear by a volleyball which had been served at a high velocity.

6. The incident caused very severe injury to her neck and inner ear and a cerebral concussion. The injuries caused her to lose a number of days from work throughout the remainder of the school year, which days of absence were authorized and in part charged against her medical leave and personal leave entitlements. In each leave period she was away from work under doctor's orders which had been presented to the proper school authorities.

7. Ms. Hansen was diagnosed with Post Traumatic Concussion Syndrome and Vertigo with vestibular trauma (concussion). She continued to work throughout the school year as her medical condition and doctor's orders would permit.

8. On April 13, 2009, Ms. Hansen was able to return to work with appropriate accommodations as provided for in the Americans With Disabilities Act and the State of Idaho equivalent thereof.

9. On April 16, 2009 she was evaluated by her Vice Principal, Mr. Ty Jones and her evaluation reflected satisfactory and exemplary marks. However, at the end of the evaluation there was a paragraph indicating that she had abused the school's leave policy and that her absences

resulted in not meeting the needs of her students.

10. On Friday, April 17, 2009, Mr. Clark Muscat, Principal of Jerome High School, met with Ms. Hansen, asked Plaintiff if she had read her evaluation. He told Plaintiff that because of the absences, Plaintiff would not have her contract renewed and that he was providing her with the option to resign.

11. The Defendant School District did not discuss or present any potential "accommodations" and did not offer available Short Term Disability benefits and refused to acknowledge the circumstance of Ms. Hansen's medical condition.

12. During the time prior to Ms. Hansen's extended leave, she had worked with Mr. Anderson to get the needed approval to start a new girls' fitness curriculum for the 2009-2010 school year. She was in the process of writing the curriculum when her extended leave began, and finished it while on extended leave. The completed written curriculum was submitted one week prior to her termination.

13. In response to the suggestion that she should resign, Ms. Hansen informed Mr. Muscat that she would not resign.

14. Plaintiff has received feedback from various sources that she had done excellent work with her students, was well respected, and that the District was well able to accommodate her continued employment and was in a position to assign a position with proper accommodations for the next school year.

15. The failure to accommodate and continue the employment relationship with Plaintiff and provide her with a contract for the next year was a direct violation of the Americans With Disabilities Act and the Family and Medical Leave Act.

**COMPLAINT AND DEMAND FOR TRIAL BY JURY - 3**

16.     Plaintiff alleges it to be the fact that but for her injury and the resulting time off work, she would have received a contract for the 2009-10 school year.

17.     By reason of Defendant's wrongful conduct above alleged, Plaintiff is entitled to receive all compensation provided under the Americans With Disabilities Act and the comparable provisions of the Idaho Code, including reinstatement, back-pay, interest, loss of benefits, bridging of benefits, general and emotional damages and reimbursement of her costs and payment of reasonable attorney fees.

WHEREFORE, Plaintiff prays judgment as follows:

1.     Reinstatement, back-pay, interest, loss of benefits, bridging of benefits;

2.     General and emotional damages;

3.     Costs and payment of reasonable attorney fees; and

4.     Such other and further relief as may be meet and equitable in the premises.

Plaintiff demands a trial by jury.

DATED this 25th day of February, 2011.

The HUNTLEY LAW FIRM
  /s/ Robert C. Huntley
Robert C. Huntley

**COMPLAINT AND DEMAND FOR TRIAL BY JURY - 4**